# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| KENNETH BLAKENEY | : | No. 19-632 |

## MEMORANDUM

PRATTER, J.                                                                                APRIL 29, 2021

### BACKGROUND[1]

Mr. Blakeney has been charged with one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). The Government filed a motion *in limine* to admit evidence of Mr. Blakeney's prior convictions, and to preclude admission of evidence of the Philadelphia Police Department's directives or policies. Mr. Blakeney opposes the motion. For the reasons that follow, the Court will grant the Government's motion.

### DISCUSSION

**I.   Motion to Admit Evidence of Prior Crimes**

The Government seeks to admit evidence of Mr. Blakeney's two prior felony convictions, one for possession with intent to distribute controlled substances, and one for conspiracy to commit burglary. Federal Rule of Evidence 609 states that evidence of a felony conviction "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. Rule 609(a)(1)(B).

---

[1]     Because the Court writes primarily for the benefit of the parties, it will discuss only those facts necessary to decide this motion. The Court has twice provided a recitation of this case's facts and procedural history. *See United States v. Blakeney*, No. CR 19-632, 2020 WL 3489337 (E.D. Pa. June 26, 2020); *United States v. Blakeney*, No. CR 19-632, 2021 WL 465907 (E.D. Pa. Feb. 8, 2021).

1

"Rule 609 is premised on 'the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath.'" *Walden v. Georgia-Pac. Corp.*, 126 F.3d 506, 523 (3d Cir. 1997) (quoting *Cummings v. Malone*, 995 F.2d 817, 826 (8th Cir. 1993)).

In weighing probative value against prejudicial effect, the court considers: "(1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the [defendant's] testimony to the case; [and] (4) the importance of the credibility of the defendant." *United States v. Caldwell*, 760 F.3d 267, 286 (3d Cir. 2014) (quoting *Gov't of Virgin Islands v. Bedford*, 671 F.2d 758, 761 n.4 (3d Cir. 1982) (alteration in original)).

Three out of the four *Bedford* factors weigh in favor of admitting this evidence here. The kind of crimes involved—possession with intent to distribute and conspiracy to commit burglary—are both probative as to Mr. Blakeney's character for truthfulness. *See, e.g., United States v. Gaston*, 509 F. App'x 158, 160 (3d Cir. 2013) ("[W]e agree with the District Court that [the defendant's] prior drug convictions were probative of his credibility."); *United States v. Jacobs*, 44 F.3d 1219, 1224-25 (3d Cir. 1995) (evidence of the defendant's prior felony conviction for burglary was admissible for impeachment purposes under Rule 609(a)(1)). The timing of the convictions do not suggest a lengthy passage of time to allow for a changed character. Mr. Blakeney had just been released from confinement for unlawfully possessing a firearm, and was on probation when the events underlying this indictment occurred. *United States v. Caldwell*, 760 F.3d 267, 287 (3d Cir. 2014) ("The age of a conviction may weigh particularly in favor of exclusion 'where other circumstances combine with the passage of time to suggest a changed character.'" (quoting Wright & Gold, *Federal Practice and Procedure* § 6134, at 258 (2d ed. 2012)). Third, if he testifies Mr. Blakeney's credibility will be important. As both parties concede,

Mr. Blakeney's defense will chiefly center on his explanation for the presence of a gun in his car. *See United States v. Johnson*, 302 F.3d 139, 152 (3d Cir. 2002) (credibility was important where the defendant's "defense depended on the jury believing his story"). Conversely, the fourth factor weighs against admitting the evidence because Mr. Blakeney's testimony will be highly important given that the parties identify no other source of evidence that he could use to make the same argument. *See Caldwell*, 760 F.3d at 287 ("The tactical need for the accused to testify on his or her own behalf may militate against use of impeaching convictions." (quoting Glenn Weissenberger & James J. Duane, *Weissenberger's Federal Evidence* § 609.2 (4th ed. 2001)).

In sum, three out of the four *Bedford* factors weigh in favor of admitting this evidence. In the event Mr. Blakeney chooses to testify, he will be placing his credibility directly at issue. Should that occur, the jury may consider evidence of the fact of his prior convictions[2] so that it may decide how credible his testimony is. Therefore, the Court will grant the Government's motion to admit evidence of Mr. Blakeney's prior drug trafficking and conspiracy to commit burglary convictions.[3]

## II. Motion to Preclude Evidence of Police Department Directives or Policies

Next, the Government moves to exclude evidence that the two officers who attempted to arrest Mr. Blakeney violated Philadelphia Police Department directives. After Officer Baker received a signal from Officer Escamilla that there was a gun in the car, Officer Baker opened the door and grabbed Mr. Blakeney's arm. Officer Baker testified that he did this to prevent Mr. Blakeney from reaching for the gun or driving away. When Officer Escamilla opened the

---

[2] The Government will be limited to presenting the fact of convictions without embellishment as to the details underlying them.

[3] The parties also discuss the merits of a limiting instruction to the jury regarding this evidence. The Court will consider the propriety of a limiting instruction at the time of trial.

3

passenger-side door and reached into the car to grab the firearm, Mr. Blakeney then drove away, the car hit Officer Escamilla's arm, and the gun fell back into the vehicle.

Mr. Blakeney seeks to admit evidence showing that both officers' actions contravened Philadelphia Police Department directives. He argues that Officer Baker violated a directive which states that no force is necessary if the offender is compliant. He also argues that Officer Escamilla violated a directive which states that it is "highly recommended" that officers do not reach into an occupied vehicle to attempt to shut off the ignition or to recover evidence.

The Government argues that the prejudicial nature of this evidence outweighs its probative value. *See* Fed. R. Evid. 403. The Court must agree. Whether the officers followed internal procedures is not an issue in this case. Mr. Blakeney argues that the evidence is relevant to the officers' "state of mind." But the officers' mental thought processes are not at issue either. Introducing this evidence would create an impermissible risk of jury confusion, "sidetracking the jury with a mini-trial about the investigatory procedures" of the Philadelphia Police Department. *United States v. Martin*, 248 F.3d 1161, 2000 WL 1909630, at *7 (7th Cir. 2000), *as corrected* (Feb. 7, 2001).

And to the extent that Mr. Blakeney seeks to introduce this evidence to explain why he chose to drive away, he may still do so. He may introduce evidence of what the officers did, including grabbing his arm and reaching into the car to grab the gun. But whether the officers complied with procedures will not help the jury understand Mr. Blakeney's motive in driving away for the simple reason he was not aware of these policies at the time he did so. He only knew that one officer had reached into the car and grabbed his arm, and the other was reaching in to grab the gun. Because the jury will be able to hear all of this, introducing evidence of the Philadelphia Police Department's procedures would have little, if any, probative value.

4

## Conclusion

For the reasons described above the Government's motion is granted. An appropriate order follows.

BY THE COURT:

_____
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE
