IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| KENNETH BLAKENEY | : | No. 19-632 |

## MEMORANDUM

PRATTER, J.                                                                                                                       JUNE 2, 2021

Mr. Blakeney moves for the Court to reconsider its order denying his motion to suppress.[1] The Court may grant a motion for reconsideration only if one of the following is shown: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *U.S. ex rel. Schumann v. Astrazeneca Pharms. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014) (quoting *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). Mr. Blakeney argues that he has met the second and third options.

First, Mr. Blakeney argues that newly discovered evidence undermines the Court's previous ruling. While driving, Mr. Blakeney was pulled over several times during the month preceding the night in question when he was pulled over by Officers Baker and Escamilla. Though the officers issued no tickets to Mr. Blakeney on any of those prior occasions, the police did write

---

[1] Because the Court writes primarily for the benefit of the parties, it will discuss only those facts necessary to decide this motion. The Court has provided a recitation of this case's facts and procedural history on three other occasions. *See United States v. Blakeney*, No. 19-cr-632, 2020 WL 3489337 (E.D. Pa. June 26, 2020); *United States v. Blakeney*, No. 19-cr-632, 2021 WL 465907 (E.D. Pa. Feb. 8, 2021); *United States v. Blakeney*, No. 19-cr-632, 2021 WL 1723224 (E.D. Pa. Apr. 29, 2021).

1

reports after each incident. Mr. Blakeney points out that none of those reports mention his car having a defective taillight. Because the order for which Mr. Blakeney seeks reconsideration was issued before the Government produced those earlier reports, Mr. Blakeney argues that the reports are "newly discovered" evidence. He also argues that this evidence undermines the officers' testimony that Mr. Blakeney's car had a defective taillight.

"Evidence is not 'newly discovered' if it 'was [actually] known or could have been known by the diligence of the defendant or his counsel.'" *United States v. Cimera*, 459 F.3d 452, 461 (3d Cir. 2006) (alteration in original) (quoting *United States v. Bujese*, 371 F.2d 120, 125 (3d Cir. 1967)). Because Mr. Blakeney was pulled over by the police on these occasions and did not receive a ticket for a broken taillight, he either knew or could have discovered the content of these reports through reasonable diligence. Thus, this evidence is not "newly discovered." *See id.*

Next, Mr. Blakeney argues that reconsideration is necessary to correct a clear error of law. He argues that in order for an officer to have had a "reasonable suspicion" that an individual has violated the law, the officer must be able to cite the exact statute the officer believes was violated. *See United States v. Delfin-Colina*, 464 F.3d 392, 399-400 (3d Cir. 2006). The language Mr. Blakeney cites from *Delfin-Colina* states: "[A]n officer's Fourth Amendment burden of production is to (1) identify the ordinance or statute that he believed had been violated, and (2) provide specific, articulable facts that support an objective determination of whether any officer could have possessed reasonable suspicion of the alleged infraction." *Id.* at 399.

But the *Delfin-Colina* court went on to say in the very next sentence: "As long as both prongs are met, an officer's subjective understanding of the law at issue would not be relevant to the court's determination." *Id.* at 399-400. Therefore, the Court does not see any duty created by *Delfin-Colina*—a duty never before recognized—for officers to know chapter and verse the statute

2

they believe justifies a *Terry* stop. It would be odd if an officer's mistake regarding the *contents* of the law could be excused (as *Delfin-Colina* held), but ignorance of the *citation* of the statute could not be. Mr. Blakeney cites no case where a party ever advanced this theory, much less a case adopting it. If the Third Circuit Court of Appeals wished to endorse such a rule, it would have said so explicitly.

Moreover, courts applying *Delfin-Colina* have denied motions to suppress where the officer was only able to give a general description of the applicable law. For example, in *United States v. Valentine*, the officer gave the following testimony: "Well, in the vehicle code there's a violation for tint on the windows for [being] unable to . . . see into the windows. And due to the nighttime and the tint on the windows I could not see into the vehicle." *See* Govt's Response in Opp. at 4, *United States v. Valentine*, No. 09-cr-169-01 (E.D. Pa. Aug. 14, 2009), 2009 WL 3478918. The court held that this testimony was sufficient, citing *Delfin-Colina*. *See United States v. Valentine*, No. 09-cr-169-01, Doc. No. 38, at *11-16 (E.D. Pa. Sept. 1, 2009).

Finally, even if *Delfin-Colina* created a duty for officers to know specifically which section of the Motor Vehicle Code was implicated, that standard would have been met here. On the night of the events in question, Officer Baker filled out a form which listed the code section allegedly violated as "4303B." *See* Def. Ex. 9. Mr. Blakeney does not dispute that this referred to section 4303(b) of the Motor Vehicle Code, which is the applicable provision. Because the reasonableness of a *Terry* stop is based on an officer's "reasonable, articulable belief that an individual was violating a traffic ordinance at the time of a stop," not what an officer was able to recollect on the stand almost one year later, Mr. Blakeney's argument is without merit. *Delfin-Colina*, 464 F.3d at 398.

3

For the foregoing reasons, the Court will deny Mr. Blakeney's motion for reconsideration. An appropriate order follows.

BY THE COURT:

/s/ Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE